IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Edward C. Tyler, #318077,                )
                                         )
                    Petitioner,          )        C.A. No. 9:20-03081-HMH-MHC
                                         )
        vs.                              )        **OPINION & ORDER**
                                         )
Warden Kenneth Sharp,                    )
                                         )
                    Respondent.          )

        This matter is before the court on Edward C. Tyler's ("Tyler") untimely objections,

motion to expand the record, motion for leave to file an amended and supplemental 28 U.S.C.

§ 2254 petition, and motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure.  For the reasons set forth below, the court denies Tyler's motions.

        On August 17, 2020,[1] Tyler filed a 28 U.S.C. § 2254 petition appearing to raise two

grounds for relief.  (§ 2254 Pet., ECF No. 1.)  Instead of stating the grounds and facts

supporting his claims in the designated areas, Tyler wrote "see attached."  (Id. 5,7, ECF No. 1.)

However, Tyler failed to file any attachments with his Petition.  (Id. generally, ECF No. 1.)  On

August 28, 2020, the court mailed Tyler a proper form order notifying him of this error.  (Proper

Form Order, ECF No. 5.)  After Tyler failed to respond, Respondent moved for summary

judgment.  (Resp't's Mot. Summ. J., ECF No. 22.)  On July 6, 2021, Magistrate Judge Cherry

recommended granting Respondent's motion for summary judgment and dismissing Tyler's

§ 2254 petition.  (R&R, ECF No. 36.)  Objections to the Report and Recommendation were due

by July 23, 2021.  Tyler did not file objections to the Report and Recommendation by the filing

---

[1]  Houston v. Lack, 487 U.S. 266 (1988).

1

deadline. After receiving no timely objections and determining that there was "no clear error on the face of the record," Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), the court adopted the Report and Recommendation, granted Respondent's motion for summary judgment, and denied Tyler's motion for partial summary judgment in an order dated July 28, 2021. (Jul. 28, 2021 Order, ECF No. 38.)

Tyler filed his objections to the Report and Recommendation and a motion to alter or amend judgment on August 26, 2021. (Pet.'s Obj 8, ECF No. 43; Mot. Alter or Amend J. 7, ECF No. 44.) Tyler argues, unpersuasively, that his failure to timely submit objections is a result of the South Carolina Department of Corrections ("SCDC") mishandling his mail. (Decl. Supp. Mot. Alt. or Amend. J. ¶ 17-37, ECF No. 44-1.) Tyler has a history of alleging similar misconduct by SCDC as a justification for his failure to timely respond to court deadlines. (R&R 3-4, 11, 14-15, ECF No. 36.) Notably, Tyler admits in his declaration that he received the magistrate judge's Report and Recommendation "on or about July 30, 2021" and the court's order adopting the Report and Recommendation on August 6, 2021. (Decl. Supp. Mot. Alt. or Amend J. ¶ 17 & 33, ECF No. 44-1.) However, Tyler did not submit any response until August 26, 2021, almost a month after he admittedly received the Report and Recommendation.

"When an act may or must be done within a specified period of time, the court may, for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E. I Dupont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996).

In determining whether neglect is "excusable," courts are to take into account "'all relevant circumstances,' including: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." Fernandes v. Craine, 538 F. App'x 274, 276 (4th Cir. 2013) (unpublished)) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993).

The court finds that Tyler has failed to demonstrate that his delay was due to excusable neglect. Tyler waited nearly a month before filing anything. See Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific objections. . . .") This delay demonstrates a lack of due diligence. See Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). Moreover, Tyler has a history of failing to timely respond. Based on the foregoing, the court finds that Tyler's objections are untimely. The court construes Tyler's untimely objections and other filings as part of his motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th

Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Upon review, Tyler does not identify an intervening change in controlling law, new evidence, or any clear error of law made in the court's earlier judgment. Rather, Tyler repeats his earlier arguments from his response in opposition to Respondent's motion for summary judgment. Based on the foregoing, the court finds that Tyler has made no showing of error in the court's July 28, 2021 Order.

It is therefore

**ORDERED** that Tyler's motion to expand the record, docket number 41, is denied. It is further

**ORDERED** that Tyler's motion for leave to file an amended and supplemental 28 U.S.C. § 2254 petition, docket number 42, is denied. It is further

**ORDERED** that Tyler's motion to object to the Report and Recommendation, docket number 43, is denied. It is further

**ORDERED** that Tyler's motion to alter or amend the judgment, docket number 44, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 7, 2021

**NOTICE OF RIGHT TO APPEAL**

  The Petitioner is hereby notified that he has the right to appeal this order within thirty

(30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.